**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

**ANTHONY WOODS,**

     Plaintiff,

v.                                            No. _____

**LINDSEY CADLE, in her individual capacity only,
APRYL BRADSHAW, in her individual capacity only,
TONIA MCFARLAND RYAN, in her individual capacity
only, KIM STRIKE, in her individual capacity only,
and KNOX COUNTY, TENNESSEE**

     Defendants.

## <u>COMPLAINT</u>

Comes the Plaintiff, Anthony Woods, by and through counsel, and sues the Defendants Lindsey Cadle, in her individual capacity only, Apryl Bradshaw, in her individual capacity only, Tonia McFarland (now Tonia McFarland Ryan), in her individual capacity only, Kim Strike in her individual capacity only, and Knox County, Tennessee pursuant to 42 USC §1983, for twenty-five million dollars in compensatory damages and twenty-five million dollars in punitive damages, as well as attorney fees, costs, interest, and equitable relief, and for his cause of action, claims and avers as follows:

### I.    PARTIES

1.    Plaintiff Anthony Woods (hereinafter "Plaintiff" or "Mr. Woods") is a citizen and resident of Knox County, Tennessee.

2. The Defendant, Lindsey Cadle, is a citizen and resident of Claiborne County, Tennessee. She is sued for equitable relief only. She is sued in her individual capacity only.

3. The Defendant, Apryl Bradshaw is a citizen and resident of Scott County, Tennessee. She is sued for equitable relief only. She is sued in her individual capacity only.

4. Defendant Tonia McFarland (now Tonia McFarland Ryan) (hereinafter "Defendant McFarland Ryan") is a citizen and resident of Knox County, Tennessee. She is sued in her individual capacity only.

5. Defendant Kim Strike is a citizen and resident of Knox County, Tennessee. She is sued in her individual capacity only.

6. Defendant Knox County, Tennessee is a governmental entity organized in the laws of the state of Tennessee.

## II. VENUE

7. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

8. Venue is appropriate in this court pursuant to 28 U.S.C. §1391.

## III. FACTS

9. A fifteen-count Presentment was issued November 30, 2016, against Plaintiff predicated on the testimony and/or prosecution by Defendant McFarland Ryan before a Knox County Grand Jury charging Plaintiff with sex-related offenses of or concerning a minor in alleged violation of Tennessee law. Defendant McFarland Ryan,

2

as well as the other Defendants, knew or should have known that the allegations were false, and would hold Plaintiff up to public ridicule and ostracism and would otherwise unjustly portray Plaintiff as a pariah in the community.

10. The genesis of the criminal case against Plaintiff began with the "victim" informally reporting the Plaintiff to her friend, Defendant Kim Strike, who was at the time employed with the office of the District Attorney General of Knox County, Tennessee and Defendant Strike directed and participated in the action against Plaintiff from its impetus, throughout the prosecution. As victim-witness coordinator for Knox County, Tennessee, this Defendant utilized her influence as an employee of Knox County, Tennessee, to aid in obtaining the Presentment against Plaintiff, and the subsequent prosecution of Plaintiff of which this Defendant knew or should have known held no merit. At all times herein, Defendant Strike knew or should have known that the allegations against Plaintiff totally lacked merit and no prosecution should have been suggested or brought.

11. The Plaintiff avers that the District Attorney's Office of Knox County, Tennessee, recused itself and the Eighth Judicial District office of the Attorney General took over the prosecution of Plaintiff utilizing Knox County, Tennessee resources. The Assistant District Attorneys General working to prosecute Plaintiff's case were Defendants Lindsey Cadle and Apryl Bradshaw. From the outset, all Defendants knew or should have known the falsity of the allegations against Plaintiff, and of Plaintiff's innocence of the charges in the fifteen-count Presentment. Yet, Defendants proceeded with prosecution of Plaintiff in denial of his federal constitutional rights.

3

12.     Defendants first tried Plaintiff in September of 2019. Despite Defendants' clear knowledge of the falsity of the case against Plaintiff, the matter was pursued but resulted in a mistrial after a hung jury on September 25, 2019.

13.     Notwithstanding the result of the first trial, Defendants tried Plaintiff again on the fifteen-count Presentment in May of 2021. Plaintiff was convicted by the jury only because Defendants engaged in and/or facilitated improper conduct beyond the prosecution itself, which should not have occurred. Plaintiff received a sentence of thirty years in prison and spent 467 days incarcerated before being released upon the Court discovering the manifest injustice to the Plaintiff as detailed below.

14.     During his unjust incarceration, Plaintiff's legal representatives discovered improper conduct during his second trial when a hearing was heard by Criminal Court Judge Scott Green on June 10, 2022. After the hearing and upon receipt of the arguments of counsel, Judge Green granted Plaintiff a new trial and immediately released Plaintiff from custody in an Order filed August 25, 2022.   Defendants continued to institute prosecutorial proceedings against Plaintiff. Yet, on February 21, 2023 the prosecution of Plaintiff ceased upon Plaintiff's plea to totally unrelated and uncharged offenses. Plaintiff reluctantly accepted the plea agreement as substantial monies were spent in an attempt to clear his name, as well as being subject to an unjust prosecution and incarceration. The Assistant District Attorney Defendants did not insist on Plaintiff being placed on the Tennessee Sex Offender Registry or any further jail time. Plaintiff received probation.

15.     Plaintiff avers that no basis existed to prosecute Plaintiff for the charges in the Presentment, or any other   charges related to the subject matter of the Presentment,

4

and that prosecution violated Plaintiff's clearly established federal constitutional rights as detailed below.

16.     Plaintiff avers prosecution was manifestly unfair and in totally degradation of his substantive and procedural due process rights secured by the United States Constitution. Plaintiff avers that the prosecution was corrupted and this was well known to Defendants. Defendants violated Plaintiff's clearly established substantive process right secured by Fourteenth Amendment to the United States Constitution to be free from an unjust prosecution based on the facts and circumstances of the allegations against Plaintiff. Plaintiff further avers that all Defendants are also liable for violating Plaintiff's clearly established federal constitutional right against being deprived of liberty without due process of law.

17.     Plaintiff avers that Defendants Cadle and Bradshaw conducted prosecution against Plaintiff in violation of his clearly established federal constitutional rights. These Defendants are sued for equitable relief only, declaring these Defendants engaged in the same, enjoining these Defendants from further proceedings against Plaintiff in violation of his federal constitutional rights as he will be irreparably harmed if no injunction is issued.

18.     Plaintiff avers that upon information and belief, the individual Defendants' acts and omissions during his prosecution were the policy and custom of Knox County, Tennessee and the moving force behind the violation of Plaintiff's clearly established federal constitutional rights. Accordingly Defendant Knox County, Tennessee is liable for damages.

5

19.     As a direct and proximate cause of the unconstitutional conduct by the Defendants, Plaintiff lost substantial monies in litigating against the unjust prosecution, loss of wages, loss of employment, loss of earning capacity, loss of familial relationships, humiliation, embarrassment, stress, and loss of enjoyment of life.

WHEREFORE, for Plaintiff Anthony Woods demands judgment against Defendants Lindsey Cadle, Apryl Bradshaw, Tonia McFarland Ryan, Kim Strike, and Knox County, Tennessee, in the following manner (a) declaring that the prosecution undertaken by Defendants was without cause, and in violation of Plaintiff's clearly established federal constitutional rights; (b) enjoin Defendants from violating federal constitutional rights; (c) twenty-five million dollars in compensatory and twenty-five million dollars in punitive damages; (d) pre- and post-judgment interest; (e) attorney fees and costs pursuant to 42 USC §1988 and any other relief Plaintiff demonstrates entitlement to, and further demands a jury to try this cause.

Respectfully submitted this 20th day of February, 2024.

TAYLOR & KNIGHT

*s/ Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
800 South Gay Street
Suite 600
Knoxville, TN 37929
aknight@taylorknightlaw.com
865-971-1701 ext. 101

6